## MAVERICK V. DONALDSON.

1. The declaration alleged, that the defendant was indebted to the plaintiff in the sum of three hundred and fifty dollars, for the use and occupation of two town lots for the space of six years ; and thereupon promised to pay the same upon request, &c.  Held, that the cause of action set out in the declaration, is not obnoxious to the statute of frauds, which declares that " no action shall be brought upon any contract for the sale of lands, tenements or hereditaments, or the making any lease thereof, for a longer term than one year."

2. A declaration which charges that the defendant, at his instance and request, was permitted to occupy by the plaintiff, and in consideration of such occupancy, promised to pay, &c. conforms to the statute of 1812, " To provide for the recovery of rent in certain cases not heretofore provided for."

3. A declaration which states the use and occupation by the plaintiff's permission, for the space of six years, and alleges a promise to pay a certain sum annually, for the rent and occupancy is good, whether considered with reference to the common law or the statute of 1812.

THIS case comes here by writ of error, from the County Court of Tuscaloosa.   The only error assigned, arises upon the judgment of that court, sustaining the defendant's demurrer to the two first counts of the plaintiff's declaration.

The first count proceeds to state that the " defendant, heretofore, to wit: on the first day of December, *anno domini* one thousand eight hundred and thirty-six, at Tuscaloosa, to wit: in the county and State aforesaid, become indebted to the said plaintiff in the sum of three hundred and fifty dollars, for the use and occupation of two certain lots of land, situate and being in the city of Tuscaloosa and county aforesaid, and known in the plan of said city as lots numbered — and numbered —, by him the said defendant, and at his request, and by the permission of the said plaintiff for a long time, to wit: for the space of six years then elapsed, had, held, occupied, possessed and enjoyed, and being so indebted, he, the said defendant afterwards, to wit: on the same day and year aforesaid, promised to pay to the said plain-

tiff the said sum of money, when he, the said defendant should be thereunto afterwards requested.''

The *second count* states the use and occupation to have been by the plaintiff's permission, for the space of six years, and then alleges a promise by the defendant to pay as much annually for the rent and occupancy of the premises, as the same was reasonably worth, which is averred to be fifty dollars *per annum*.

J. L. MARTIN and J. PORTER, for the plaintiff.

PHELAN, contra.

COLLIER, C. J.—The demurrer to the plaintiff's declaration, must have been sustained by the county court, under the impression that the *statute of frauds*, in declaring that, '' no action shall be brought upon any contract for the sale of lands, tenements, or hereditaments, or the making any lease thereof, for a longer term than one year,'' unless evidenced by writing, furnished a bar to a recovery. It is clear that the case stated in the declaration, is not obnoxious to that statute. A lease for no definite term is alleged, or certainly not for a longer period than one year. True, an occupancy for the space of six years is stated, but it does not appear that this was under one contract for that time, or that it was not a continuous enjoyment of the possession under a mere permissive occupancy, indeed the latter conclusion is strongly inferable from the record court.

The action for *use and occupation* is given by the act of 1812, '' to provide for the recovery of rent in certain cases, not heretofore provided for.'' [Aikin's Digest 357.] That statute declares that any person to whom rent is due, when the demise is not by deed, or if by deed, not specifying the rent to be paid, may recover a reasonable satisfaction for the tenements occupied by the defendant, in an action on the case for the use and occupancy of what was held and enjoyed: '' and if on evidence on the trial of such action, any parol demise reserving certain rent, or a demise by deed, but no rent therein agreed on, in either case the plaintiff in such action shall not be non-suited, but shall recover a reasonable satisfaction for the tenements occupied.''

Maverick v. Donaldson.

There is no want of conformity to this statute in the declaration—it is alleged that the defendant at his special instance and request, was permitted by the plaintiff to occupy the premises—that in consideration of such permissive occupancy for the space of six years, he promised, &c. to pay, &c. the sum in which it is said, he was indebted. The second count instead of stating the defendant's indebtedness at any sum, goes upon the *quantum meruit*. This declaration is not only good under the statute, but if it can be considered as relying upon an *express promise* to pay a sum certain, or so much as the plaintiff deserved to have founded on the consideration expressed in it, it is good even at common law. [3 vol. Selwyn's N. P. Phil. Ed., 1808, page 1180—81—82: Williams v. Winsgate, 6 T. R. 62: Hennell's forms, 36: 3 vol. law lib.]

The judgment of the county court could not have been influenced by the consideration that the statute of limitations may have barred a recovery to some extent. The statute, if relied on should be pleaded, but even upon the supposition that it should be judicially noticed, it could not avail in this case; because it does not appear that the defendant's promise as alleged, was not made but a short time before the action was brought.

In every view the judgment is erroneous—it is consequently reversed and the case remanded.